## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07321-CBM-PVCx | Date | March 6, 2025 |
|---|---|---|---|

| Title | *Reginald Boyland v. Tenthousand Projects, LLC et al* |
|---|---|

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| **V.R. VALLERY** | **NOT REPORTED** |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| **NONE PRESENT** | **NONE PRESENT** |

**Proceedings:**        **IN CHAMBERS- ORDER TO SHOW CAUSE RE DISMISSAL OF CASE**

On January 13, 2025, the Court ordered Plaintiff to show cause as to why the remaining Defendants in this case, 1400 Entertainment, Inc. and Michael Lamar White, should not also be dismissed given the Court's summary judgment in favor of Defendants Tenthousand Projects, LLC and UMG Recordings, Inc. (sued as Caroline Records). (Dkt. No. 99.)   On January 31, 2025, Plaintiff responded to the Court's order arguing that the remaining Defendants, who have not appeared in the case or responded to Plaintiff's complaint, should instead be subject to default judgment under Federal Rule of Civil Procedure 55(a). (Dkt. No. 100.)   The Court subsequently vacated the order to show cause (Dkt. No. 103), after which Plaintiff filed a "motion for leave to file motion for default judgment" and a "motion for clerk to enter default against" the remaining Defendants (Dkt. Nos. 104, 105).   The Court struck Plaintiff's filings for failure to comply with multiple Local Rules on February 10, 2025. (Dkt. No. 106.)

Since that time, Plaintiff has not filed a motion for default judgment against the remaining Defendants that is in compliance with the Local Rules.   The Court hereby orders Plaintiff to show cause why this case should not be dismissed for failure to prosecute, by no later than **March 11, 2025**.   The Court notes that if Plaintiff wishes to move for default judgment, he must first file a request for the Clerk of the Court to enter default against the remaining defendants.   After the Clerk enters default pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff may file a motion for default judgment in compliance with the Local Rules, including Local Rule 55-1, which sets forth the requirements for such a motion.

**IT IS SO ORDERED.**